# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WORTH E. DIGGS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. MJG-00-3575 |
| ) | Judge: Marvin J. Garbis |
| NORTHROP GRUMMAN ) | |
| CORPORATION ) | |
| ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to the provisions of Fed. R. Civ. P. 26(c), and on the joint stipulation and motion of each of the parties to this action, it is hereby ORDERED as follows:

1.  Any party may designate as "Confidential" any document, material, or information (written or oral) which is produced to any other party in the course of this action, whether by discovery or otherwise. A party may designate as "Confidential" any material which constitutes or reveals confidential financial, medical, personnel, or business information. Information which is publicly-available or which becomes publicly-available (other than through a violation of this Order) shall not constitute "Confidential" information.

2.  Information which has been designated "Confidential" shall be used for the purposes of this litigation only and not for any other purpose. Moreover, "Confidential" information shall be disclosed only to the following persons:

    (a) The parties to the action.

1-UA/1576333.1




(b) Counsel for the parties to this action, including associate and in-house counsel and clerical, secretarial, paralegal, and support staff.

(c) The Court and court personnel, including court reporters, provided that any pleading or other document filed with the Court which contains or discloses "Confidential" information shall be so marked and shall be filed under seal.

(d) Outside experts expected to testify at trial or formally retained or specially employed in anticipation of litigation for preparation for trial, <u>provided</u> that each such person shall first be informed of the terms of this Order and shall agree to abide by its terms.

(e) Other witnesses (or potential witnesses) who have relevant information to this action, provided that each such witness shall first be informed of the terms of this Order and shall agree to abide by its terms. Additionally, such witnesses' access to "Confidential" information shall be strictly limited to that information necessary for purposes of this litigation, their review of "Confidential" information shall occur in counsel's presence, and such persons shall not be provided copies of "Confidential" materials to retain in their possession.

3. Information may be designated as "Confidential" in the following manner:

(a) The producing party shall mark documents containing "Confidential" information with the notation "CONFIDENTIAL" on the face of each page containing "Confidential" information. It is expressly agreed that marking the first page of a five page (or fewer) document with such "CONFIDENTIAL" stamp raises a presumption that the entire document is to be treated as "CONFIDENTIAL." Public or non-confidential materials

contained within a multi-page document marked "CONFIDENTIAL" on the first page shall be dealt with under Paragraph (5) below.

   (b) Pleadings and other material filed with the Court which contain or disclose "Confidential" information shall bear the notation "CONFIDENTIAL -- UNDER SEAL" or a similar notation on the first page of the pleading.

   (c) "Confidential" information disclosed at a deposition may either be designated on the record at the deposition by either party, or may be designated in writing by the disclosing party within fourteen (14) days after the date of the deposition. Although the parties will attempt to designate promptly "Confidential" information disclosed at a deposition, and the disclosing party generally should designate materials as "Confidential" either at the deposition or fourteen (14) days thereafter, it is recognized that some designations may not be evident until after the receipt of a deposition transcript. Therefore, the disclosing party may further designate materials as "Confidential" within ten (10) days of receiving the transcript of a deposition.

   (d) If any party intends to disclose "Confidential" information at any hearing before the Court, or to introduce into the record any "Confidential" information or material disclosing the contents of "Confidential" information, the party shall notify the Court, all other parties, and the producing party five (5) days in advance of such intended disclosure, indicating in such notification the particular "Confidential" information intended to be disclosed. If any party intends to disclose "Confidential" information at trial, the pre-trial exhibit list will serve as adequate warning that the party intends to use documents previously marked "Confidential." The parties may then confer to determine if any of the information involved may

no longer require protection, or if the intended disclosure may be modified to eliminate the need for disclosure.

(e) Any party seeking to file "Confidential" information in the Court record under seal shall submit a motion and accompanying order to the Court which includes (a) the proposed reasons, supported by specific factual representations, to justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protection.

4. Any party may challenge the designation of any material as "Confidential" by serving written notice of such challenge on the counsel for the producing party. The party seeking to maintain the "Confidential" designation from the information may then file an appropriate motion with the Court seeking to justify the designation as "Confidential." Challenged information which is made the subject of a proper motion shall be considered "Confidential" until the motion is decided by the Court. A failure to challenge the designation of information as "Confidential" does not constitute an agreement or concession that the information at issue is, in fact, confidential or in any way privileged or immune from disclosure.

5. Within 30 days of the conclusion of this action (including the conclusion of any appeal), all "Confidential" materials produced shall be returned to counsel for the producing party, provided that counsel for each party may maintain, under seal, one copy of the pleadings, correspondence and documents filed with the Court. The Clerk of the Court may return to counsel or destroy any sealed material at the conclusion of the litigation. The seal shall be lifted only upon Court order.

6. This Order governs discovery and the pretrial stage of this litigation. In the event any "Confidential" information is used in any proceeding herein, it shall not lose its

status through such use and the parties shall take all steps reasonably required and available to protect its confidentiality during such use. The use at trial of information designated "Confidential" shall be subject to further order of Court, provided that any information designated "Confidential" may be submitted under seal at any time. Each of the parties shall be entitled to seek modifications of this Order by application to the Court on notice to the other parties for good cause. The parties expressly reserve their rights to seek further protection with respect to their current and future discovery responses.

7. In the event that the parties or their counsel, non-party witnesses or their counsel, or court reporters are served with or receive subpoenas or written demands calling for production of or testimony relating to any "Confidential" material affected by this Stipulation and Order from any person, including any federal or state law enforcement or regulatory agency or authority, prior to responding thereto, the person or entity served with or receiving such subpoena or demand shall promptly serve notice of receipt of same on counsel for the other parties to the litigation who shall have fifteen (15) days following such service (or such shorter period of time as may be necessitated by the terms of the subpoena or demand) to move the Court for a ruling respecting the necessity of compliance therewith. If such a motion is made within the allotted time period, the person or entity served with or receiving subpoenas or written demands shall respond initially by objecting thereto, on the basis of the pending motion on the applicability of this Stipulation and Order.

8. The final determination or settlement of this action shall not relieve any person who has received "Confidential" material from the obligations imposed by this

Stipulation and Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce, dissolve or modify the provisions of this Stipulation and Order.

9. The undersigned counsel represent that they have reviewed the terms of this Stipulation and Order with their respective clients and that their clients understand the meaning, intent, and practical impact of this Stipulation and Order for the production and exchange of "Confidential" information.

It is so ORDERED, this 23rd day of March 2001.

_____
United States District Judge

AGREED AND STIPULATED TO:

_____
James J. Kelley (Bar No. 06669)
Robyn B. Weiss (Bar No. 14594)
MORGAN, LEWIS & BOCKIUS LLP
1800 M Street, N.W.
Washington, D.C. 20036-5869
(202) 467-7095
(202) 467-7176 (facsimile)

Attorneys for Defendant
NORTHROP GRUMMAN
CORPORATION

_____
Paul A. D'Amico, Jr. (Bar No. 06975)
Law Office of Paul A. D'Amico, Jr.
1197 New Church Lane
Annapolis, MD 21403
410-990-9689

Attorney for Plaintiff
WORTH E. DIGGS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the parties Stipulated Protective Order was served on Plaintiff's counsel via regular mail this 21st day of May, 2001 at the following address:

>D'Ana Johnson, Esq.
>Allen, Johnson, Alexander & Karp
>2120 L St., N.W.
>Suite 701
>Washington, D.C. 20037

_____
Robyn B. Weiss