IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WORTH EDWARD DIGGS | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-00-3575 |
| NORTHROP GRUMMAN CORPORATION | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it the Defendant's Motion For Summary Judgment and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary to resolve this matter.

I.   BACKGROUND

   A.   FACTUAL BACKGROUND[1]

Plaintiff Worth Edward Diggs is a resident of the State of Maryland who was formerly employed by the Defendant. Defendant Northrop Grumman Corporation ("NGC") is a leading designer, systems integrator and manufacturer of military surveillance and combat aircraft, defense electronics and systems, airspace management systems, information systems, marine systems, precision weapons and commercial and military aerostructures.

---

   [1] In the present context, the facts must be taken in the light most favorable to the Plaintiff.



NGC maintains offices in Maryland and employs several hundred people in Maryland.

Plaintiff was hired by NGC on August 22, 1983 as a "Development Lab Assistant C." During Plaintiff's tenure with NGC, he was promoted to a "Development Lab Assistant B" and then to a "Development Lab Assistant A." At the time of his termination in August 1997, Plaintiff held the title of "Development Lab Assistant A." The primary functions of a "Development Lab Assistant" are to assemble and wire complete models and prototype units, and to develop cable and wire procedures and proper sequences of assembly. Compl. ¶ 7. These functions encompass a broad range of tasks based on the model and/or prototype unit worked on at any particular time, and typically include heavy lifting and significant physical activity.

Plaintiff asserts that he is now, and has been, fully able to perform the essential functions of the job of "Development Lab Assistant A." He states that he is able to bend, climb, stoop, lift, stand, carry, and generally move around. Compl. ¶ 8.

Plaintiff suffered a non-work related back injury in July 1996. Plaintiff was diagnosed as having a herniated disk, for which he underwent surgery in July 1996. Plaintiff's pain improved, but he was diagnosed as having another herniated disk

in October 1996, for which he underwent surgery in November 1996. When Plaintiff sought to return to his employment at NGC, he was not permitted to resume his prior work duties, and was told that he was being terminated due to his inability to perform the job duties. Plaintiff alleges that NGC fired him because he was disabled, in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et. seq.

### B. PROCEDURAL BACKGROUND

On December 6, 2000, Plaintiff filed the instant suit. The Complaint contained three counts: violation of the ADA, violation of Title VII, and violation of Maryland law. On February 15, 2001, this Court granted Defendant's Motion to Dismiss Counts II and III (the Title VII and Maryland law counts), thus leaving only the ADA claim viable. On March 21, 2001, this Court denied Plaintiff's Motion to Amend the Complaint, as the claim Plaintiff wished to add was time-barred. On July 13, 2001 Defendant filed the instant Motion for Summary Judgment.

## II. LEGAL STANDARD

In deciding a summary judgment motion, the Court must look beyond the pleadings and determine whether there is a genuine need for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986). The Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether that evidence is so one-sided that one party must prevail as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-53 (1986). If the Defendant carries its burden by showing an absence of evidence to support a claim, the Plaintiff must demonstrate that there is a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).

An issue of fact must be both genuine and material in order to forestall summary judgment. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the Plaintiff. See Anderson, 477 U.S. at 248. An issue of fact is material only if the establishment of that fact might affect the outcome of the lawsuit under governing substantive law. See id.

## III. DISCUSSION

The ADA provides, in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12111(a).

It is undisputed in the instant case that Defendant NGC is a "covered entity" and therefore subject to the ADA's prohibition. <u>Id.</u> The ADA only protects individuals with disabilities; therefore, it is important at the threshold to determine whether Plaintiff is an "individual with a disability" within the meaning of the ADA. <u>Id.</u> The ADA defines "disability" in three ways, as follows:

> The term "disability" means, with respect to an individual -
>
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

The first definition requires Plaintiff to show that he is "significantly restricted" in performing a major life activity "as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1)(ii); <u>Sutton v. United Air Lines Inc.</u>, 527 U.S. 471, 480 (1999). The Code of Federal Regulations defines "major life activities" as "those

basic activities that the average person in the general population can perform with little or no difficulty . . . includ[ing] caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working . . ., sitting, standing, lifting [and] reaching." 29 C.F.R. Pt. 1630, App. § 1630.2(i).

Plaintiff in the instant case does not specifically claim substantial limitation in any of the aforementioned areas. In his Complaint and during his deposition, Plaintiff stated that "he is able to bend, climb, stoop, lift, stand, carry and generally move around." Compl. ¶ 8; Diggs Dep. at 109-110. Plaintiff, in his Opposition, does not cite to a specific impairment, nor does he present evidence of an impairment of a major life activity. Therefore, Plaintiff cannot meet the first definition of disabled.[2]

In order to meet the second definition, having a record of impairment, Plaintiff cites to two medical forms he submitted to NGC when he sought to return to work. Plaint. Ex. 2-3. However, these forms do not "indicate[] that [Plaintiff] has or has had a

---

[2] Although Plaintiff claims, in his Opposition, that the EEOC's finding of reasonable cause permits this Court to conclude that he was disabled, the EEOC's determination is not binding on this Court. See e.g. Spray v. Kellos-Sims Crane Rental, Inc., 507 F.Supp. 745, 750 (S.D.Ga. 1981)("Civil litigation at a district court level is a trial de novo . . . an EEOC report is not binding.")

substantially limiting impairment." 29 C.F.R. Pt. 1630, App. § 1630.2(k). The two forms are doctor's certifications, written out on NGC forms, which identify specific restrictions with respect to Plaintiff's returning to his position as a "Development Lab Assistant A" at NGC. The forms only address Plaintiff's ability to work in the specific context of a single job, and do not suggest that he is substantially limited in any major life activity.

EEOC guidelines, as well as court precedent, have long held that to be covered by the ADA, "the record must be one that shows an impairment that satisfies the ADA; a record reflecting a plaintiff's classification as disabled for other purposes or under other standards is not enough." Colwell v. Suffolk County Police Department, 158 F.3d 635, 645 (2d Cir.1995), citing 29 C.F.R. pt. 1630. Evidence that Plaintiff's doctor put temporary restrictions on Plaintiff's returning to his position as a "Development Lab Assistant A" is insufficient to establish a record of impairment under the ADA.

In addition, the temporary nature of the doctor's restrictions suggest that they are not sufficient to comprise a record of impairment. Exhibit 2, the doctor's form dated September 1996, states that the restrictions are of an "unknown" duration. However, Exhibit 3, the form dated November 1996

states that the duration of the limitations is "6 months." Plaintiff's medical evidence indicates that his impairment was temporary; therefore, Plaintiff has not presented evidence adequate to establish a record of impairment. See e.g. Sanders v. Arneson Products, Inc., 91 F.3d 1351 (9th Cir. 1996)(temporary impairment of approximately four months was not of sufficient duration to fall within the protections of the ADA as a disability); Burch v. Coca-Cola Co., 119 F.3d 305, 317 (5th Cir.1997), cert. denied, 522 U.S. 1084 (1998)(past hospitalization, even coupled with continued treatment, does not create a record of a substantially limiting medical condition, and therefore the plaintiff was not protected by the ADA); Blanton v. Winston Printing Co., 868 F.Supp. 804, 808 (M.D.N.C. 1994) (holding that a temporary injury with minimal residual effects cannot be a basis for an ADA claim); Rakestraw v. Carpenter Co., 898 F.Supp. 386, 390 (N.D.Miss. 1995) (medical records indicating temporary impairment are not sufficient to constitute record of impairment under ADA); Johnson v. Foulds, Inc., 1996 WL 41482 (N.D.Ill. 1996) (holding that temporary condition does not meet the requirements of a disability).

Under the third definition of disabled, Plaintiff must show that NGC regarded him as having an impairment that substantially limited a major life activity. Plaintiff asserts that NGC's

refusal to allow him to return to his duties, coupled with the notation NGC placed on one of Plaintiff's doctor's forms - "no work available within these restrictions" - prove that NGC considered him disabled. Plaint. Ex. 4. However, Plaintiff's evidence only establishes that NGC did not think Plaintiff was able to perform the job functions of a "Development Lab Assistant." An employer "is free to decide that some limiting, but not substantially limiting, impairments make individuals less than ideally suited [or ineligible] for a job." Sutton, 527 U.S. at 489.

Plaintiff presents no evidence establishing that NGC regarded him as having an impairment that substantially limited a major life activity. "The fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'" Haulbrook v. Michelin North America, Inc., 252 F3d. 696, 703 (4th Cir. 2001), quoting Kelly v. Drexel Univ., 94 F.3d 102, 109 (3rd Cir. 1996).

Plaintiff does not present evidence sufficient to establish that he is an individual with a disability within the meaning of the ADA. Therefore, Plaintiff's ADA claim cannot proceed.

IV.  CONCLUSION

For the foregoing reasons:

1. Defendant's Motion for Summary Judgment is GRANTED.

2. Judgment shall be entered by separate Order.

SO ORDERED this 21st day of December, 2001.

```
                              _____
                                    Marvin J. Garbis
                              United States District Judge
```